FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAY CATACUTAN YONZON TORRES, AKA May Yonzon Torres,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 11-71686<br><br>Agency No. A042-062-268<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:    WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

May Catacutan Yonzon Torres, a native and citizen of the Philippines,

petitions for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's decision denying her application for

withholding of removal and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Fakhry v. Mukasey*, 524 F.3d 1057, 1062 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the agency's finding that, even if Torres was a member of a particular social group, she failed to establish her membership in this group was at least one central reason for her claimed persecution. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("[T]o demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts."). Substantial evidence also supports the agency's finding that Torres failed to establish it is more likely than not she would be persecuted if returned to the Philippines. *See Fakhry*, 524 F.3d at 1066 (evidence did not compel a finding that it was more likely than not petitioner would be persecuted). Thus, Torres's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Torres failed to establish it is more likely than not that she would be tortured by or with the consent or acquiescence of the government if returned to the Philippines. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

11-71686